FORET, Judge.
This is a paternity action filed by the State of Louisiana, through the Department of Health and Human Resources, Office of Family Security (DHHR) against Philip Normand, alleging that he is the biological father of the minor child, Brittany Silvey. The trial court rejected DHHR’s demands, and DHHR has appealed.
Brittany Silvey was born on September 18, 1985. It was established at trial that her mother, Pinky Silvey, began living with the defendant in June of 1984, but there is dispute as to when they physically separated. Defendant contends that they only lived together during the summer of 1984, while Ms. Silvey maintains that they continuously lived together until June of 1985. She further stated that during the time in which they lived together, she did not engage in sexual intercourse with anyone other than the defendant. Furthermore, she states that, upon learning that she was pregnant, she advised the defendant and he acknowledged to her that he was the father of the unborn child. This is corroborated by the testimony of Ms. Silvey’s sister, Sheryl Bailey, and her brother, Douglas Silvey.
*159 Blood tests performed at the instance of DHHR revealed a relative chance of paternity of 99.18%. The blood test report also states that 98.96% of falsely accused men would be excluded (by the blood test) as the father of the child. Defendant admits to having engaged in sexual intercourse with Ms. Silvey while they were living together. However, he maintains that paternity cannot be proven because there is evidence that she engaged in sexual intercourse with other men. Specifically, defendant testified that Ms. Silvey admitted to defendant that she had engaged in sexual intercourse with the defendant’s uncle, Dale Laborde, although he had no idea where this alleged sexual activity took place. Also, defendant’s brother, Leroy Normand, testified that he engaged in sexual intercourse with Ms. Silvey on two or three occasions while the defendant and Ms. Silvey were living together[1]. All of this is denied by Ms. Silvey.
DHHR assigns the following errors on appeal:
(1) The trial court committed manifest error in finding that the State had failed to prove paternity by a preponderance of the evidence.
(2) The trial court failed to accord proper weight to the blood test introduced into evidence.
(3) The trial court failed to award a reasonable sum as child support for the minor child, Brittany Silvey.
For the reasons hereinafter set forth, we reverse the decision of the trial court and remand this case for further proceedings consistent herewith.
In Bailey v. Douglas, 478 So.2d 172 (La.App. 3 Cir.1985), writ denied, 479 So.2d 365 (La.1985), we reversed the trial court’s determination that paternity had not been proven. In that case, blood tests established the probability of paternity at 99.9%. However, lay testimony established that the parties had not lived together and the defendant denied having sexual intercourse with the mother except for one occasion occurring approximately IOV2 months prior to the birth of the first of two children. This testimony was contradicted by the testimony of a friend of the mother who testified to having personal knowledge of an ongoing sexual relationship between the parties, and she further stated that the defendant had acknowledged that one of the two children was his son. As for the mother, she stated that her relationship with the defendant lasted almost three years and that she did not engage in sexual intercourse with any other man during the period in question. She further stated that the defendant had contributed to delivery expenses and purchased Christmas gifts for the children. Considering this evidence, we reversed the decision of the trial court, finding that the blood test constituted strong evidence of paternity and that this evidence, combined with corroborating lay testimony, was sufficient to establish paternity.
Similarly, in Schwab for & on Behalf of Schwab v. Galuszka, 463 So.2d 737 (La.App. 4 Cir.1985), writ denied, 464 So.2d 1386 (La.1985), U.S. cert. den., 474 U.S. 803, 106 S.Ct. 37, 88 L.Ed.2d 30 (1985), the alleged father did not live with the mother and denied having sexual intercourse with her during the period of conception (although he admitted to having done so on prior occasions). The mother stated that the alleged father had acknowledged paternity and denied sexual activity with any other men during the period in question. No corroborating lay testimony was presented, and the only other significant evidence of paternity was the blood tests results which indicated that the probability of paternity was 91.7%. The trial court found paternity, and this decision was affirmed on appeal.
Turning now to the facts of the instant case; as above stated, the blood tests introduced into evidence established a relative chance of paternity at 99.18%. Furthermore, the mother testified that she and the defendant lived together until June of 1985, which would necessarily include the period of conception. Additionally, she states that *160 she did not engage in sexual intercourse with any other man during such period. Defendant admits to having engaged in sexual intercourse with Ms. Silvey while they were living together during the summer of 1984 and, according to the testimony of two lay witnesses (albeit relatives of the mother), he acknowledged the child to be his, stating that he was hoping for a girl.
Considering this evidence as a whole, as well as the above cited jurisprudence, we are compelled to reverse the decision of the trial court as we conclude that the trier of fact committed manifest error in finding that paternity had not been proven by a preponderance of the evidence.
As for the question of child support payments, we have reviewed the record in these proceedings and do not find sufficient evidence to fix the amount of child support. Accordingly, we remand this cause to the trial court for a determination of the amount and commencement date of child support payments to be made by defendant herein.
For the reasons hereinabove set forth, the judgment of the trial court is reversed and the matter is remanded to the trial court to determine the amount and commencement date of child support payments to be made by defendant, Philip Normand. Costs of this appeal and of the trial court are to be paid by defendant.
REVERSED AND REMANDED.

. It should be noted that at the time of the trial, Leroy Normand was serving time on a conviction for simple robbery, and he admitted to having at least one other conviction on his record.